United States District Court
Middle District of Florida
Jacksonville Division

**SHIANA K. BARBOSA,**

    *Plaintiff,*

v.                                                   **NO. 3:20-cv-637-HES-PDB**

**SECRETARY OF DEFENSE ET AL.,**

    *Defendants.*

# Order

The plaintiff moves for entry of default. Doc. 15.

On June 22, 2020, the plaintiff, without counsel, filed the complaint. Doc 1. In the caption, she names the defendant as "Secretary of Defense Diversity Management and EDC [education]." Doc. 1 at 1. Under "Parties to the Complaint," she names the defendant as Jay M. Burcham, "Acting Chief."[1] Doc. 1 at 2. The plaintiff states she sues under Title VII of the Civil Rights Act and Section 501 of the Rehabilitation Act. Doc. 1 at 3. She includes no allegations in the complaint but instead references an attached compilation of documents relating to an employment dispute, *see* Docs. 1, 1-1, including an April 16, 2020, final order from the Department of Defense Education Activity Headquarters

---

[1]The website for the Department of Defense Education Activity lists Mr. Burcham as "HQ Chief of Staff." *Dep't. of Def. Ed. Activity*, About DoDEA, https://www.dodea.edu/aboutDoDEA/index.cfm (last visited June 18, 2021). The website explains the Department "operates as a field activity of the Office of the Secretary of Defense" and "is responsible for planning, directing, coordinating, and managing prekindergarten through 12th grade educational programs on behalf of the Department of Defense" for families of servicemembers. *Id*. The Department also has a Director, a Chief Academic Officer, and an Associate Director for Financial and Business Operations. *See id*.

finding in favor of the Department on her discrimination claim and explaining she could appeal the decision to the EEOC or file a civil action in district court within 90 days of receipt of the order, Doc. 1-1 at 3.

On October 8, 2020, the Court directed the plaintiff to show cause why the complaint should not be dismissed for failure to prosecute because she had filed no proof of service or otherwise moved for an extension of time to effect service, and no defendant had appeared. Doc. 10.

Eleven days later, an attorney appeared on behalf of the plaintiff and moved for an extension of time to effect service. Docs. 11, 12. The Court granted the motion, directed her to effect service by December 3, 2020, and discharged the order to show cause. Doc. 13.

On November 30, 2020, the plaintiff filed two affidavits of service with copies of summonses. Docs. 14, 14-1. In the first affidavit, process server Abel Emiru states he served "Secretary of Defense c/o Mark T. Esper at 1235 South Clark Street, Arlington, Virginia 22202" by "serving Denise Shellman, Paralegal, authorized to accept service," on November 17, 2020. Doc. 14 at 1.

In the second affidavit, process server Louis Gerrick states that, "[p]er COVID-19 service of process protocol," he served "Acting Chief, Diversity Management & EDC, Department of Defense Education Activity" by mailing documents to "4800 Mark Center Drive, Suite 06F09-02, Alexandria, Virginia 22350 on 11/17/2020 via United States Postal Service, Certified Mail, Return Receipt Requested" (Jay Burcham's address). Doc. 14 at 3.

On May 5, 2021, the plaintiff filed the motion for default. Doc. 15. The motion includes no memorandum of law.

Federal Rule of Civil Procedure 4(m) provides, "If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time."

The rule continues, "But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). Good cause exists only if an outside factor—for example, reliance on faulty advice but not inadvertence or negligence—prevented service. *Lepone-Dempsey v. Carroll Cty. Comm'rs*, 476 F.3d 1277, 1281 (11th Cir. 2007).

Absent good cause, a court has discretion to extend the time. *Id.* Pertinent factors may include the length and reasons for the delay, the relative hardships of the parties, receipt of actual notice, the expiration of a statute of limitations, evasion of service, whether the plaintiff requested an extension from the court due to difficulties in perfecting service, and the plaintiff's diligence in pursuing service within the ninety-day period. *Cardenas v. City of Chicago*, 646 F.3d 1001, 1006–07 (7th Cir. 2011).

Rule 55(a) provides, "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."

To serve a United States agency, corporation, or officer or employee sued in an official capacity, a party must serve the United States and send a copy of the summons and complaint to the agency, corporation, or officer or employee by registered or certified mail. Fed. R. Civ. P. 4(i)(2). To serve a United States officer or employee "sued in an individual capacity for an act or omission occurring in connection with duties performed on the United States' behalf," a

party must serve the United States and serve the officer or employee as an individual under Rule 4(e), (f), or (g).

To serve the United States, a party must:

(A)(i) deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought—or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk—or

(ii) send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;

(B) send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and

(C) if the action challenges an order of a nonparty agency or officer of the United States, send a copy of each by registered or certified mail to the agency or officer.

Fed. R. Civ. P. 4(i)(1)(A)–(C).

Local Rule 3.01(a) provides a motion must include "a concise statement of the precise relief requested, a statement of the basis for the request, and a legal memorandum supporting the request."

Whether the plaintiff intends to sue Jay Burcham in his official or individual capacity, and whether she intends to sue him only, is unclear. Either way, she must serve the United States, and she has failed to show proper service. For that reason and because the motion includes no memorandum of law, the Court **denies** the motion for entry of default, Doc. 15, without prejudice to renewal after proper service.[2]

---

[2]The Court recently denied a similar motion in a separate case by Ms. Barbosa against Jay Burcham and others. *See Barbosa v. Human Resources Office DoDEA*, 3:19-cv-1185-HES-JRK (Doc. 16).

This action has been pending for almost a year without proper service. If the plaintiff wants to proceed, she must properly serve the defendant or defendants. The Court, in its discretion, extends the deadline to effect service to **July 19, 2021**.

**Failure to comply with the deadline could result in dismissal of the action, and future extension motions may not be granted. The Court cautions the plaintiff that dismissal could result in a bar to relief in light of any limitation period for seeking review of the Department's decision**.

**Ordered** in Jacksonville, Florida, on June 21, 2021.

_____
PATRICIA D. BARKSDALE
*United States Magistrate Judge*